Margarit **ARAKELYAN**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 04–75658.

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2006.[*]

Decided April 17, 2006.

Inna Lipkin, Esq., Law Offices of Inna Lipkin, Redwood City, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of The District Counsel, Department of Homeland Security, San Francisco, CA, Mark St. Angelo, Esq., USSJ—Office of The U.S. Attorney, San Jose, CA, Aviva L. Poczter, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: SILVERMAN, MCKEOWN and PAEZ, Circuit Judges.

## MEMORANDUM **

Margarit Arakelyan, a native of Russia and a citizen of Armenia, petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing her appeal from an immigration judge's ("IJ") order denying her applications for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *see Gormley v. Ashcroft*, 364 F.3d 1172, 1176 (9th Cir.2004), and we deny the petition for review.

■ Substantial evidence supports the agency's determination that although Arakelyan suffered mistreatment, there has been a fundamental change in circumstances such that Arakelyan no longer has a well-founded fear of persecution by Armenian authorities. *See* 8 C.F.R. § 1208.13(b)(1)(i)(A), (B). Arakelyan testified that the government tried to force her to incriminate an individual who has since been convicted, imprisoned, released and rehired by the government. Further, Arakelyan testified that her husband, son and daughter, who fled to Russia soon after Arakelyan left for the United States, have returned to Armenia and reside in the family home. Also, Arakelyan's son is now serving in the Armenian military, a group Arakelyan claims she fears. This undisputed evidence "rebuts [Arakelyan's] specific grounds for [her] well-founded fear of future persecution." *Popova v. INS*, 273 F.3d 1251, 1259 (9th Cir.2001).

■ As Arakelyan is unable to meet the burden of proof for asylum, she necessarily fails to meet the higher burden of proof for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir. 2003).

■ Arakelyan also failed to establish eligibility for CAT relief because she did not show it was more likely than not that she would be tortured if removed to Armenia. *See* 8 C.F.R. § 1208.16(c)(2); *Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003).

## PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

