**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 07 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARGARIT ARAKELYAN, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER Jr., Attorney General, <br><br> Respondent. | Nos. 07-73153 <br> 07-74180 <br><br> Agency No. A095-410-681 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 25, 2010[**]

Before:     CANBY, THOMAS, W. FLETCHER, Circuit Judges.

   In these consolidated petitions, Margarit Arakelyan, a native and citizen of

Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") order

denying her motion to reopen removal proceedings in No. 07-73153, and of the

BIA's order denying her subsequent motion to reconsider in No. 07-74180.  Our

---

   [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen and reconsider, and review de novo questions of law, including claims of due process violations due to ineffective assistance of counsel. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). In No. 07-73153, we deny in part and dismiss in part the petition for review, and in No. 07-74180, we deny the petition for review.

The BIA did not abuse its discretion in concluding that Arakelyan's former counsel did not provide her with ineffective assistance. *See id.* at 793-94; *see also Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002) (BIA's denial of a motion to reopen shall be reversed if it is "arbitrary, irrational, or contrary to law"). In her opening brief, Arakelyan did not challenge the BIA's finding of no prejudice with regard to the ineffective assistance by the notario. *See Martinez-Serrano v. INS*, 94 F.3d 1256-60 (9th Cir. 1996) (issues not specifically raised and argued in the opening brief are waived).

To the extent Arakelyan challenges the BIA's October 12, 2004, order, we decline to consider the contentions because the court previously rejected them in *Arakelyan v. Gonzales*, 177 Fed. Appx. 599 (9th Cir. 2006). *See Merritt v. Mackey*, 932 F.2d 1317, 1320 (9th Cir. 1991) (explaining that under the 'law of the

case doctrine,' one panel of an appellate court will not reconsider questions which another panel has decided on a prior appeal in the same case).

Even if the BIA erred by failing to initially address Arakelyan's changed country conditions argument in its denial of the motion to reopen, the error was rendered harmless because the BIA addressed the issue in its order denying Arakelyan's motion to reconsider.  The BIA did not abuse its discretion in denying Arakelyan's motion to reconsider because, apart from the changed country conditions issue, the motion failed to identify any error of fact or law in the BIA's prior decision denying her motion to reopen.  *See* 8 C.F.R. § 1003.2(b)(1); *Socop-Gonzalez v. INS*, 272 F.3d 1176, 1180 n. 2 (9th Cir. 2001) (en banc).

> **No. 07-73153:     PETITION FOR REVIEW DISMISSED in part;**
>
> **DENIED in part.**

> **No. 07-74180:     PETITION FOR REVIEW DENIED.**